UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JOHN WESLEY JONES,

        Petitioner,

v.

MARY BERGHUIS,

        Respondent.
_____/

Case No. 1:24-cv-473

Honorable Sally J. Berens

**OPINION**

    This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, the Court concludes that the petition is barred by the one-year statute of limitations. Nonetheless, the Court will permit Petitioner, by way of an order to show cause, an opportunity to demonstrate why his petition should not be dismissed as untimely.

**Discussion**

I.  **Factual Allegations**

Petitioner is incarcerated with the Michigan Department of Corrections at the Earnest C. Brooks Correctional Facility (LRF) in Muskegon Heights, Muskegon County, Michigan. Petitioner is serving a life sentence without parole, imposed on July 15, 1991, following his Kalamazoo County Circuit Court jury conviction of first-degree murder. Petitioner reports:

> Many aspects of the underlying criminal case are undisputed. On September 18, 1987, Defendant shot the deceased, Curtis Day, while both were riding in the same car in Kalamazoo, Michigan. Defendant was in the front seat, and that is due to the fact that Defendant is paralyzed.
>
> The [p]rosecution argued that the shooting was premeditated. Defendant[,] who is paralyzed and now confined in a wheelchair, claimed self-defense.

(Pet'r's Br., ECF No. 1, PageID.10.)

Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner signed his brief on April 29, 2024. (Pet'r's., ECF No. 1, PageID.31.) The petition was received by the Court on May 6, 2024. Giving Petitioner the benefit of the earliest possible filing date, *see Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials), the Court will deem April 29, 2024, as the date Petitioner filed his habeas corpus petition.

II.  **Statute of Limitations**

Petitioner's application appears to be barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism

and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

### A.    Timeliness Under § 2244(d)(1)(A)

In most cases, Section 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed the judgment of conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court dismissed his application on November 9, 1994. It does not appear that Petitioner filed a petition for certiorari to the United States Supreme Court.

A petitioner whose conviction became final prior to the effective date of the AEDPA has one year from the effective date, until April 24, 1997, to file his petition. *Payton v. Brigano*, 256

3

F.3d 405, 407 (6th Cir. 2001); *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir. 2001). Petitioner filed his application on April 29, 2024. Obviously he filed more than one year after the period of limitations began to run. Thus, absent tolling, his application is time-barred.

B.  **Statutory Tolling**

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Petitioner filed several applications for state post-conviction review. The first was filed very shortly after the Michigan Supreme Court dismissed Petitioner's first application for leave to appeal during November of 1994.[1] Because appeals of the trial court's denial of that motion were still pending when the AEDPA, with its the one-year period of limitation, went into effect, the period of limitation did not begin to run until the appeal was final. The Michigan Supreme Court denied Petitioner's application for leave to appeal on July 25, 1997. The period of limitation then commenced running.[2] The one-year period of limitation would run to and include the anniversary of the finality date, July 25, 1998. *See Moss v. Miniard*, 62 F.4th 1002, 1009–10 (6th Cir. 2023). Because that date was a Saturday, however, the period would expire on Monday, July 27, 1998. *See, e.g.*, Fed. R. Civ. P. 6(a)(1)(c); *Giles v. Beckstrom*, 826 F.3d 321, 324 (6th Cir. 2016).

---

[1] *See* Case Information, *People v. Jones*, No. 191559 (Mich. Ct. App.), https://www.courts.michigan.gov/c/courts/coa/case/191159 (last visited May 20, 2024).

[2] The Supreme Court has concluded that because tolling is limited to the time that the collateral attack is pending, it is not extended by the filing of a petition for certiorari or the expiration of the time for filing such a petition. *Lawrence v. Florida*, 549 U.S. 327, 329 (2007).

4

Petitioner filed a second motion for relief from judgment in the trial court at some time before December 20, 2001. That is the date that the trial court denied the motion.[3] Petitioner does not identify the date he filed the motion. If the motion was filed any time after July 27, 1998, the petition is untimely—at least as measured under Section 2244(d)(1)(A).

The trial court's order refusing to accept for filing Petitioner's most recent motion for relief from judgment indicates the second motion was filed during 2001. *People v. Jones*, No. 1991-0089FC (Kalamazoo Cnty. Cir. Ct. Apr. 14, 2022), (ECF No. 1-4, PageID.38). Therefore, the period of limitation expired on July 27, 1998, and Petitioner's 2001 collateral attack could not toll the running of the period of limitation because the tolling provision does not "revive" the limitations period; it does not "restart the clock . . . it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (internal quotation marks omitted). When the limitations period has expired, "collateral petitions can no longer serve to avoid a statute of limitations." *Id*.

Petitioner also identifies a third motion for relief from judgment. That motion was filed on March 25, 2022. *People v. Jones*, No. 1991-0089FC (Kalamazoo Cnty. Cir. Ct. Apr. 14, 2022) (ECF No. 1-4, PageID.38). That motion was, therefore, also filed after the period of limitation expired and cannot toll the running of the expired period of limitation. *Vroman*, 346 F.3d at 602.

Even if the period of limitation had not expired in 1998, it certainly would have expired during the 18 and one-half year period after the denial of Petitioner's second motion for relief from judgment became final on September 29, 2003, and before the filing of the third motion. Moreover, if the period of limitation had not expired by the time Petitioner attempted to file the third motion

---

[3]*See* Case Information, *People v. Jones*, No. 245136 (Mich. Ct. App.), https://www.courts.michigan.gov/c/courts/coa/case/245136 (last visited May 20, 2024).

5

for relief from judgment, it would have expired during its pendency because, for the reason stated below, that motion would not have tolled the period of limitation either.

The trial court never considered Petitioner's third motion for relief from judgment.[4] Instead, the court rejected the motion and did not permit it to be filed because successive motions for relief from judgment are barred by Mich. Ct. R. 6.502(G). The Sixth Circuit has concluded that motions rejected under Mich. Ct. R. 6.502(G) are not "properly filed" and, thus, cannot toll the period of limitation. *See Williams v. Birkett*, 670 F.3d 729, 733–36 (6th Cir. 2012).

### C. Equitable Tolling

The one-year limitations period applicable to Section 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling relief should be granted "sparingly." *See, e.g., Ata v. Scutt,* 662 F.3d 736, 741 (6th Cir. 2011), *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner argues that he is entitled to equitable tolling based on periodic hospitalizations during 2022, 2023, and 2024. Even if those hospitalizations constituted extraordinary

---

[4] The Michigan Supreme Court denied Petitioner's application for leave to appeal the trial court's refusal to consider the merits of Petitioner's claim and the court's rejection of the motion for filing. *People v. Jones*, 984 N.W.2d 210 (Mich. 2023). The reason offered by the Michigan Supreme Court for denying leave essentially affirmed the trial court's decision: "because the defendant's motion for relief from judgment is prohibited by MCR 6.502(G)." *Id*.

circumstances that might otherwise justify equitably tolling the period of limitation, the circumstances did not stand "in his way" until after the period of limitation had expired. A period of limitations that has already run cannot be tolled.

The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations also does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and to excuse his late filing."); *Allen*, 366 F.3d at 403 ("'[I]gnorance of the law alone is not sufficient to warrant equitable tolling.'") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

**D.     Actual Innocence**

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. "'[A]ctual innocence' means factual innocence." *Bousley v. United States*, 523 U.S. 614, 624 (1998).

In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "it is more likely than not that no reasonable juror would have convicted [the petitioner.]" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399–400.

7

In the instant case, although Petitioner may baldly claim that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable juror would have convicted him. *Schlup*, 513 U.S. at 327, 329. Petitioner admits that he shot the victim. At trial he defended himself by claiming the act was justified because he acted in self-defense. The Sixth Circuit has consistently determined that defenses based on justification or excuse relate to legal innocence, not factual innocence. *See, e.g.*, *Fuller v. Morrison*, No. 21-2704, 2022 WL 2719644, at *2 (6th Cir. Mar. 25, 2022) (concluding that an attack on a conviction based on the petitioner's mental health diagnoses and their impact on intent did not amount to a claim of factual innocence); *Arellano v. Howard*, No. 21-1024, 2021 WL 5499487, at *4 (6th Cir. Aug. 23, 2021) (concluding that a petitioner's challenge to a conviction for shooting her husband under a claim of legal justification relates to "legal" innocence, not factual innocence); *Bushner v. Bracy*, 17-3553, 2017 WL 9480312, at *3 (6th Cir. Dec. 11, 2017) (concluding that a claim of self-defense—which is a claim of justification—"goes to [the petitioner's] legal, rather than factual, innocence"); *Stewart v. Harry*, 17-1494, 2017 WL 9249946, at *2 (6th Cir. Nov. 21, 2017) (concluding that it was beyond debate that a claim of innocence based on self-defense is a claim of legal innocence, not factual innocence); *Bacon v. Klee*, No. 15-2491, 2016 WL 7009108, at *8 (6th Cir. Nov. 30, 2016) (same); *Harvey v. Jones*, 179 F. App'x 294, 298–99 (6th Cir. 2006) (concluding that the petitioner's claim of justification rested upon legal innocence, not factual innocence and citing cases).

Moreover, Petitioner's present challenges to the murder conviction are based on an alleged lack of jurisdiction and counsel's failure to challenge the trial court's jurisdiction. *See, e.g.*, *Logan v. Kelley*, No. 15-3879, 2016 WL 11786288, at *2 (6th Cir. Apr. 4, 2016) (stating "the state court's alleged lack of jurisdiction to try him does not . . . establish his actual innocence"); *Casey v. Tenn.*,

399 F. App'x 47, 48–49 (6th Cir. 2010) (holding that the petitioner's challenge to the trial court's jurisdiction could not establish factual innocence, only legal sufficiency, which does not justify relief under *Schlup*). Those claims do not relate to factual innocence. Because Petitioner has wholly failed to provide evidence of his actual innocence, he would not be excused from the statute of limitations under 28 U.S.C. § 2244(d)(1).

      E.      **Timeliness Under Section 2244 (d)(1)(A).**

Petitioner claims that he did not discover the factual foundation for his jurisdictional challenge until December of 2019. (Pet'r's Br., ECF No. 1, PageID.14.) Only then did the Charter Township Police Department Records Officer produce the affidavit that supports the claim, despite Petitioner's repeated requests for that document over the preceding 30 years. (*Id.*)

Arguably, Petitioner's claim implicates the period of limitation commencement date set forth in 28 U.S.C. § 2244(d)(1)(D). That section provides that the period of limitations runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* Under Section 2244(d)(1)(D), the time under the limitations period begins to run is when a petitioner knows, or through due diligence, could have discovered, the important facts for his claims, not when the petitioner recognizes the legal significance of the facts. *See Redmond v. Jackson*, 295 F. Supp. 2d 767, 771 (E.D. Mich. 2003) (citing *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000). "The question under the provision is not when prisoners first learned of the new evidence; it is when they should have learned of the new evidence had they exercised reasonable care." *Townsend v. Lafler*, 99 F. App'x 606, 608 (6th Cir. 2004). Section 2244(d)(1)(D) "does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim. *Redmond*, 295 F. Supp. 2d at 771 (quoting *Sorce v. Artuz*, 73 F. Supp. 2d 292, 294-95 (E.D.N.Y. 1999))." *Id.* "Rather, it is the actual or putative knowledge of the pertinent facts of a claim that starts the clock

running on the date on which the factual predicate of the claim could have been discovered through due diligence, and the running of the limitations period does not await the collection of evidence which supports the facts, including supporting affidavits." *Id.* at 772 (citing *Tate v. Pierson*, 177 F. Supp. 2d 792, 800 (N.D. Ill. 2001), and *Flanagan v. Johnson*, 154 F.3d 196, 198–99 (5th Cir. 1998)).

Furthermore, a habeas petitioner has the burden of proof in establishing that he exercised due diligence in searching for the factual predicate of the habeas claims. *Stokes v. Leonard*, 36 F. App'x 801, 804 (6th Cir. 2002). Unsupported and conclusory arguments are insufficient to warrant application of Section 2244(d)(1)(D). *Redmond*, 295 F. Supp. 2d at 772; *Grayson v. Grayson*, 185 F. Supp. 2d 747, 750-51 (E.D. Mich. 2002) (holding that a petitioner does not show how the factual predicate could not have been discovered earlier if he fails to indicate the steps he took to discover the claims). The key to deciding whether evidence is 'newly discovered' or only 'newly available' is to ascertain when the defendant found out about the information at issue." *United States v. Turns*, 198 F.3d 584, 587 (6th Cir. 2000).

In Petitioner's case, even if the Court accepts that a duly diligent petitioner could not have discovered the "new evidence" until December of 2019, Petitioner's claim would still be untimely because he did not file his petition within one year of his discovery. By December of 2020, the period of limitation had expired. Petitioner offers no basis for statutory tolling, equitable tolling, or actual innocence. Accordingly, the Court concludes that the petition is untimely under Section 2244(d)(1)(D) as well.

## Conclusion

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day*,

547 U.S. at 210; *see also Nassiri v. Mackie*, 967 F.3d 544, 548 (6th Cir. 2020). The Court will allow Petitioner 28 days to show cause why the petition should not be dismissed as untimely.

An order consistent with this opinion will be entered.

Dated: May 29, 2024 /s/ Sally J. Berens
SALLY J. BERENS
United States Magistrate Judge

11